## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCUS J. ROSSER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-381-LPS |
| | : | |
| CORPORAL MATTHEW DONOVAN, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Marcus J. Rosser, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 10, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Marcus J. Rosser ("Plaintiff"), an inmate at the James T. Vaughn Correctional

Center ("VCC") in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to

42 U.S.C. § 1983.[1] (D.I. 1)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

(D.I. 6)  The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)

and 1915A(a).

## II.   BACKGROUND

On July 14, 2014, Plaintiff was stopped and taken into custody by New Castle County

Detective Ellis.  He was taken to the New Castle County Police Department and placed in a holding

cell.  Defendants Corporal Matthew Donovan ("Donovan"), Detective John Mikus ("Mikus"), and

Detective Thomas Orzechowski ("Orzechowski") entered the cell.  When Plaintiff asked why he

was arrested and what was going on, Mikus told him to sit down.  Plaintiff responded by stating

"not until I am told why I have been taken into custody and am I under arrest?"  Plaintiff alleges

that Donovan told him he was "gonna sit down" and then punched Plaintiff in the face and took

him to the ground.  Plaintiff alleges that Mikus kneed and punched him in the rib area and

Orzechowski and non-party Officer Geortler held on to the lower part of his body.  Plaintiff alleges

that Mikus then cuffed his wrists so tightly that his hands went numb.  Plaintiff was bleeding from

the nose and mouth and, when he spat blood on the floor, Donovan repeatedly punched him in the

face while other officers pinned him to the ground.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a
federal right, and that the person who caused the deprivation acted under color of state law.  *See
West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff was taken to the hospital. A New Castle County officer told him that if he told the doctors what had happened he would be beaten upon his return to New Castle County Police Headquarters. On April 29, 2015, Plaintiff was acquitted of charges of resisting arrest and offensive touching. Plaintiff alleges that Defendant Supervisor Matthew D. Astfalk ("Astfalk") was put on notice about the excessive force when he signed off on Mikus' incident report, but failed to take disciplinary action against the officers involved. Plaintiff seeks compensatory damages. He also requests appointment of counsel. (D.I. 5)

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

2

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014).  A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

### A.    Respondeat Superior

Plaintiff alleges that Astfalk was put on notice of the alleged excessive force when he signed off on the Mikus incident report. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[2] *See Iqbal*, 556 U.S. at 676; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability

---

[2] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669.  The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for proposition that "'[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'").

cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d at

353 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Purpose rather than

knowledge is required to impose liability on an official charged with violations arising from his or

her supervisory responsibilities.[3] *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct."

*Id.*

Here, the complaint does not allege that Astfalk had any direct or personal involvement in

the actions taken by Donovan, Mikus, or Orzechowski or that Astfalk had any knowledge of the

incident until after the fact. Therefore, Plaintiff's claim against Astfalk must be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because it rests impermissibly on a theory of

supervisory liability.

Plaintiff appears to have alleged cognizable and non-frivolous excessive force/failure to

protect claims against Donovan, Mikus, and Orzechowski. *See Graham v. Connor*, 490 U.S. 386

(1989) (excessive force claims arising out of arrest are analyzed under the Fourth Amendment).

### B.    Request for Counsel

Plaintiff requests counsel. (D.I. 5) A *pro se* litigant proceeding *in forma pauperis* has no

constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187,

192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by

---

[3]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe Cnty. Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

[4]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

5

counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Plaintiff requests counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot retain and afford counsel on his own behalf, counsel would serve the best interests of justice, and his allegations if proved would establish a constitutional violation. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, this case is in its early stages and Defendants have not yet been served. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary.

6

**V.    CONCLUSION**

For the above reasons, the Court will: (1) dismiss Defendant Matthew D. Astfalk and the claims against him as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (2) allow Plaintiff to proceed against Defendants Corporal Matthew Donovan, Detective John Mikus, and Detective Thomas Orzechowski.  The Court will deny Plaintiff's request for counsel (D.I. 5) without prejudice to renew.

An appropriate Order follows.