IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS J. ROSSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-381 (MN) |
| | ) |
| THOMAS DONOVAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of July, 2019, having reviewed Plaintiff's letter requests (D.I. 113, 115);

1. **Introduction.** Plaintiff Marcus J. Rosser ("Plaintiff") filed this action alleging violations of his constitutional rights under 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

2. **January 29, 2019 letter, D.I. 113.** The original discovery deadline in this matter was July 6, 2018. (D.I. 51). On September 7, 2018, the Court entered an order extending discovery upon Plaintiff's motion. The order provided for the completion of discovery on or before November 13, 2018. (D.I. 80). On January 29, 2019, Plaintiff wrote the Court and appeared to request that discovery be reopened so that he may delve further into the issue of whether security/video recordings were taken of him on July 14, 2014. (D.I. 113). Defendants advise the Court that Plaintiff has been notified on two occasions that the County is not in possession records responsive to requests for a video; on August 8, 2017 and May 29, 2018. (*See* D.I. 40, D.I. 120 at Exs. A and B). Plaintiff has had ample opportunity to explore this issue and

1

waited until after the discovery deadline and dispositive motion deadline to seek additional time. The request will be denied. (D.I. 113).

3. **February 5, 2019 letter, D.I. 114**. Plaintiff also filed a letter with the Court that appears to be a motion to reconsider the January 30, 2019 order that revised the dispositive motion briefing schedule to give Plaintiff additional time to review his deposition transcript. Plaintiff contends that granting the extension has severely prejudiced him due to the multiple delays in this case. The extension only served to benefit Plaintiff. Further, Plaintiff has provided no grounds to warrant reconsideration. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To the extent Plaintiff moves for reconsideration, the request will be denied. (D.I. 114).

THEREFORE, IT IS ORDERED that:

Plaintiff's letter requests are DENIED. (D.I. 113, 114).

_____
The Honorable Maryellen Noreika
United States District Judge